FILED

December 13, 2017

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 11:26 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| Carlotta Davis, | ) | |
| Employee, | ) | **Docket No. 2017-06-0931** |
| v. | ) | |
| GCA Services Group, Inc. | ) | |
| Employer, | ) | **State File No. 20334-2017** |
| And | ) | |
| Indemnity Ins. Co. North America, | ) | |
| Carrier. | ) | **Judge Joshua D. Baker** |

## EXPEDITED HEARING ORDER FOR TEMPORARY DISABILITY BENEFITS

This claim came before the Court on November 30, 2017, for an Expedited Hearing. The focus of this case is whether Ms. Davis is entitled to temporary partial disability benefits and mileage reimbursement.[1] GCA Sevices Group, Inc. asserts Ms. Davis experienced an idiopathic injury and is not entitled to workers' compensation benefits. As explained below, the Court finds that Ms. Davis is entitled to temporary partial disability benefits, but she did not establish her claim for mileage reimbursement.

## History of Claim

Ms. Davis answered a cell-phone call from her supervisor at GCA while using a floor-scrubber. When the conversation became heated, Ms. Davis fell as she hurriedly pushed the floor-scrubber and its electrical cord aside in order to exit the room to speak privately with the supervisor. She suffered right shoulder and head contusions, a cervical strain, a lumbosacral injury, and a chipped tooth.

Ms. Davis testified she pushed the equipment and cord aside and "turned around and slipped up and fell." In deposition testimony, however, Ms. Davis said, "David was the cause of me falling because he's yelling in my ear and I'm trying to . . . go outside to

---

[1] Although the parties disputed medical benefits in the Dispute Certification Notice, GCA agreed to pay for treatment Ms. Davis received for "tooth number 14." Ms. Davis acknowledged GCA has paid the remaining medical bills.

1

talk to him." At the hearing, she said, "I don't know if it was the cord or the damp floor. I don't know which one it was for sure."

Initially, GCA accepted the claim but later denied benefits, asserting the injury was idiopathic. Ms. Davis chose Concentra from a panel and received treatment from Dr. Chae Ko. His March 21 restrictions permitted lifting, pushing, or pulling up to ten pounds frequently for six hours per day. The restrictions, although accommodated, limited Ms. Davis' eight-hour workday to only six hours. A wage statement and paychecks introduced at the hearing indicated Ms. Davis earned an average weekly wage of $360.53 before her injury and $291.19 post-injury.

GCA introduced a separation notice showing Ms. Davis' termination on May 31 for "lack of work" and for being "out of compliance with her worker's [sic] comp claim" because she had not chosen a physician from a panel GCA emailed her on May 2. Mr. Parker testified that GCA keeps just "twenty percent" of employees after the school year, employing only experienced floor cleaners in summer.

Ms. Davis returned a signed panel on June 21, and GCA provided authorized treatment with neurologist Dr. Robert Weiss. While GCA emailed the panel to her several weeks earlier, Ms. Davis said she does not regularly check her email. Dr. Weiss reported on July 12 that he had no treatment to offer Ms. Davis and could not explain her symptoms in light of her normal MRI. He further concluded that Ms. Davis sustained no permanent impairment from her injury and needed no restrictions.

**Findings of Fact and Conclusions of Law**

Ms. Davis requested temporary disability benefits and mileage reimbursement. Ms. Davis has the burden to prove the essential elements of her claim, but to prevail at an expedited hearing she need only present sufficient evidence from which the Court can determine she is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

In addition to arguing that Ms. Davis' injury is idiopathic, GCA contended that her delay in selecting Dr. Weiss from a physician panel constituted noncompliance with medical care. GCA reasoned that due to her noncompliance, she is not due temporary partial disability benefits. GCA asserted Ms. Davis is not entitled to mileage reimbursement because her home was within a fifteen-mile radius of the physician's office. For the reasons provided below, the Court holds Ms. Davis suffered a compensable injury and can recover accrued temporary partial disability benefits. The Court denies her claim for mileage reimbursement.

An idiopathic injury has "unexplained origin or cause, and generally does not arise out of the employment unless 'some condition of the employment presents a peculiar or

2

additional hazard.'" *Frye v. Vincent Printing Co., et al.* 2016 TN Wrk. Comp. App. Bd. LEXIS 34, at *11 (Aug. 2, 2016) (internal citation omitted). "Cause" in this context is not "proximate cause" as used in the law of negligence; rather, "cause means that the accident originated in the hazards to which the employee was exposed as a result of performing his or her job duties. *Id.* at *12. Further, Tennessee courts "have consistently held that an employee may not recover for an injury occurring while walking unless there is an employment hazard, such as a puddle of water or a step, in addition to the employee's ambulation." *Wilhelm v. Krogers*, 235 S.W.3d 122, 128-129 (Tenn. 2007).

Ms. Davis described a confluence of work-related events that explained her fall, including moving equipment and its electrical cord on a newly-cleaned floor while in an emotional, "agitated" state due to a contentious phone call with her supervisor. Based on the standards set forth above, the Court finds that Ms. Davis' injury is not idiopathic and that the accident originated in the hazards of her employment. Thus, the Court holds Ms. Davis suffered a compensable injury.

Having found compensability, the Court considers Ms. Davis' entitlement to temporary partial disability benefits. To establish entitlement to temporary disability benefits, Ms. Davis must show a compensable injury disabled her from working; a causal connection exists between her injury and inability to work; and the duration of her disability. *Jones v. Crencor*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). Compensation for temporary partial disability is sixty-six and two-thirds percent of the "difference between the average weekly wage of the worker at the time of the injury and the wage the worker [earns] in the worker's partially disabled condition." Tenn. Code Ann. § 50-6-207(2) (2017). The Court holds GCA must pay her temporary partial disability benefits.

Concentra's records show Ms. Davis' compensable injury disabled her from working her typical eight-hour workday beginning March 21. Testimony demonstrated that GCA accommodated her restrictions by employing her for only six hours per day until it terminated her on May 31 due to "lack of work." GCA's argument that Ms. Davis was non-compliant with medical care because she delayed returning a panel is without merit. While it is true that Tennessee Code Annotated section 50-6-204(a)(6)(A) (2017) suspends benefits if an employee "refuses to accept medical care," Ms. Davis did not refuse medical care. She did not return the panel the sooner because GCA sent it by email, which she does not check regularly.

Dr. Weiss reported on July 12 that Ms. Davis could work without restrictions. The Court finds Ms. Davis established she is likely to prevail at a hearing on the merits in demonstrating she suffered a compensable injury that caused her partial disability from March 21 to July 12.

Based on her wage statement and post-injury paychecks, the Court finds Ms. Davis earned an average weekly wage of $360.53 prior to the injury and $291.19 post-injury until her termination on May 31. Sixty-six and two thirds of that $69.34 difference is $46.23, or $6.60 per day, which is owed for ten weeks and one day from March 22 to May 31, totaling $469.28 in temporary partial disability benefits.

After May 31, Ms. Davis earned no wages in her partially disabled condition, entitling her to an average weekly wage of $360.53. Her compensation rate was $240.35 per week or $34.34 per day. GCA shall pay Ms. Davis $1,682.45 in temporary partial disability benefits for the six-week period from June 1 through July 12, the day Dr. Weiss released her to return to full duty work.

Lastly, the Court turns to whether Ms. Davis is entitled to mileage reimbursement. For mileage, an injured worker is owed mileage reimbursement when she travels "to an authorized medical provider or facility located outside a radius of fifteen (15) miles from the insured worker's residence or workplace." Tenn. Code Ann. § 50-6-204(a)(6)(A). Ms. Davis testified that Concentra, the authorized provider, was roughly eight miles from her home. Because Concentra is located within a fifteen-mile radius of Ms. Davis' home, she is not due mileage reimbursement.

It is **ORDERED** as follows:

1. GCA shall pay Ms. Davis $2,151.73 in temporary partial disability benefits.

2. The Court denies Ms. Davis' claim for mileage reimbursement.

3. **This matter is set for a Scheduling Hearing on Monday, February 5, 2018, at 9:30 a.m. (CST).** You must call 615-741-2113 or toll-free 855-874-0474 to participate in the Hearing. Failure to call may result in a determination of issues without your further participation.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2016). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov.

**ENTERED ON DECEMBER 13, 2017.**

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

5

**APPENDIX**

Exhibits
1. Medical Records
2. Affidavit of Carlotta Davis
3. Separation Notice
4. Wage Statement and Earnings
5. Mileage Reimbursement Request
6. Records from Nashville General Hospital
7. Emails

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Pre-Hearing Witness and Exhibit List

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on December 13th, 2017.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Carlotta Davis, Self-represented Employee | X | | X | 326 Tanglewood Court Nashville, TN 37211 Carlotta984@gmail.com |
| Allen Callison, Employer's Attorney | | | X | acallison@chartwell.com |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

7